UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

       Plaintiff,                      CIVIL ACTION NO. 08-10129

       v.                                 DISTRICT JUDGE PAUL D. BORMAN

ANN ARBOR PUBLIC SCHOOLS,       MAGISTRATE JUDGE VIRGINIA M. MORGAN
DLS SERVICES, INC., ROLAND
SMITH, ERIC RUTLEY, BRUCE
GLAZIER, ROBERT GALARDI,
and WALLEED SAMAHA,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This matter comes before the court on Defendant Rutley's *pro se* Motion for "Summary Judgment of Dismissal" (D/E #3). For the reasons stated below, this court recommends that defendant's motion be **DENIED**.

### II. Background

On January 9, 2008, plaintiff filed a complaint (D/E #1) in which she alleged that, while she was a fourteen year-old student at Huron High School in December 2003, she was repeatedly sexually harassed by Rutley, a custodian at the school. (D/E #1, ¶¶ 17-18) Plaintiff reported

Rutley's actions to Samaha, the school's principal, but neither Samaha nor any other Ann Arbor Schools' personnel took any action. (D/E #1, ¶ 19)

On January 16, 2004, Rutley confronted plaintiff after plaintiff's after-school play rehearsal and prevailed upon her to enter his car. Rutley then provided plaintiff with marijuana and, while she was under the influence of the marijuana, Rutley fondled plaintiff's body and genitals. (D/E #1, ¶¶ 20-21) Plaintiff reported the assault to her guardian and Rutley was subsequently arrested and convicted of criminal sexual conduct and delivering marijuana to a child in a school zone. (D/E #1, ¶ 22)

Plaintiff asserts her claim against Rutley in Count I of her complaint. In that count, plaintiff alleges a violation of Title IX Civil Rights Law, 20 U.S.C. § 1681 *et seq*. Specifically, plaintiff alleges Rutley sexually harassed her and that the sexual harassment created an intimidating, hostile and offensive educational environment for plaintiff at Huron High School and that the sexual harassment substantially interfered with plaintiff's right to full and equal enjoyment, the goods, services, privileges, advantages and accommodations of a place of public accommodations, services or education.

### III. Standard of Review

Rutley moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S. Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV.  Discussion

Rutley argues that plaintiff's claim against him is outside the applicable statute of limitations. "Title IX of the Education Amendments of 1972 does not contain a statute of limitations. To ascertain the proper statute of limitations, the Court must look to the most analogous state statute." Minor v. Northville Public Schools, 605 F. Supp. 1185, 1199-1200

(E.D. Mich. 1985) citing Runyon v. McCrany, 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976); Sutton v. Bloom, 710 F.2d 1188, 1190 (6th Cir.1983). In this case, both parties correctly note that the most analogous state statute to plaintiff's claim against Rutley is M.C.L. 600.5805, which covers injuries to persons or property.

M.C.L. 600.5805(10) provides that "[t]he period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property." In this case, plaintiff alleges that Rutley committed torts against her in December 2003 and January 2004. Consequently, unless the statute of limitations had been tolled, plaintiff's claim against Rutley filed on January 9, 2008, would be outside the statute of limitations.

In applying the forum state's statute of limitations, a federal court should also give effect to any applicable tolling provisions. See West v. Conrail, 481 U.S. 35, 39-40, 107 S. Ct. 1538, 95 L.Ed.2d 32 (1987); Bowden v. City of Franklin, Kentucky, 13 Fed. Appx. 266, 272-273, (6th Cir. 2001). In this case, plaintiff argues that M.C.L. 600.5851(1) tolled her claim. M.C.L. 600.5851(1) provides:

> Except as otherwise provided in subsections (7) and (8), if the person first entitled to make an entry or bring an action under this act is under 18 years of age or insane at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided for in section 5852.

Given the plain language of M.C.L. 600.5851(1), plaintiff 's claim is timely. It is undisputed that plaintiff was fourteen years-old at the time the alleged violations occurred and, pursuant to M.C.L. 600.5851(1), she therefore had one year from her eighteenth birthday to file her claim. As shown in the birth certificate provided by plaintiff as an exhibit to her response, her date of birth was January 29, 1989, and she was not yet nineteen when she filed her complaint. The complaint was therefore filed within the applicable statute of limitations.

**V. Conclusion**

For the reasons discussed above, the court recommends that defendants' motions be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                              s/Virginia M. Morgan
                              Virginia M. Morgan
                              United States Magistrate Judge

Dated: February 27, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Eric Rutley via the Court's ECF System and/or U. S. Mail on February 27, 2008.

                              s/Jane Johnson
                              Case Manager to
                              Magistrate Judge Virginia M. Morgan